IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAVARI SHANTELL MELTON,<br><br>Defendant. | Case No. 25-CR-197-JFH-6 |

## OPINION AND ORDER

Before the Court is an Objection to Magistrate Order Setting Conditions of Release ("Appeal") filed by the United States of America ("Government'). Dkt. No. 177. In its Appeal, the Government seeks revocation of an order entered by United States Magistrate Judge Christine D. Little setting conditions of release [Dkt. No. 145] for Defendant Shavari Shantell Melton ("Defendant Melton"). Defendant Melton has not filed a response to the Government's Appeal.[1] For the following reasons, the Government's Objection to Magistrate Order Setting Conditions of Release [Dkt. No. 177] is GRANTED and the Magistrate Judge's release order is REVOKED.

## BACKGROUND

Defendant Melton is charged by superseding indictment with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), Interstate Travel to Aid Racketeering, in violation of 18 U.S.C. § 1952(a)(3)(A), and Sex Trafficking a Minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2). Dkt. No. 150. Defendant Melton appeared before the Magistrate Judge for

---

[1] The Government's Appeal was filed on July 16, 2025. Dkt. No. 177. As over a week has passed with no response from Defendant Melton, and because an appeal order must be determined "promptly" under 18 U.S.C. § 3145(a), the Court decides the Appeal without the benefit of a response from Defendant Melton.

detention hearing on July 7, 2025. Dkt. No. 143. At that hearing, the Magistrate Judge denied the Government's motion for detention and entered an order setting conditions of release as to Defendant Melton. Dkt. No. 145. This Court entered a stay of that release order pending a ruling on the Government's appeal of the release order. Dkt. No. 153. On July 16, 2025, the Government filed the instant Appeal. Dkt. No. 177. The Government subsequently supplemented the Appeal to include citations to the detention hearing transcript. Dkt. No. 182.

## AUTHORITY AND ANALYSIS

Under 18 U.S.C. § 3145(a), "[i]f a person is ordered released by a magistrate judge . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" 18 U.S.C. 3145(a). The Tenth Circuit requires this Court to conduct a *de novo* review of a magistrate judge's release order. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "On *de novo* review of a magistrate judge's order, the district court is charged with making 'an independent determination of the proper pretrial detention or conditions for release.'" *United States v. Garcia*, 445 Fed. Appx. 105, 108 (10th Cir. 2011) (unpublished and quoting *Cisneros*, 328 F.3d at 616 n.1).

Pursuant to 18 U.S.C. § 3142(f), the Court must consider whether there are conditions or a combination of conditions that will assure the appearance of Defendant and protect the safety of any other person or the community. In making this determination, the Court must consider the following factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) The weight of the evidence against the person;

 (3) The history and characteristic of the person, including –

  a. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  b. Whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and

 (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Here, Defendant Melton is charged with a crime for which there is a presumption of detention—Sex Trafficking a Minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2). The pretrial detention statute states that a rebuttable presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the Court finds there is probable cause to believe that the person committed an offense involving a minor victim under any of a list of statutes. 18 U.S.C. § 3142(e)(3)(E). Defendant Melton has been charged by superseding indictment after presentation of evidence to the grand jury. *See* Dkt. No. 150. This is sufficient for the Court to find that probable cause exists and the presumption applies.

"Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). "The defendant's burden of production is not heavy, but some evidence must be produced," and "[e]ven if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355. As

3

discussed more fully below, the Court finds that Defendant presented evidence as to flight risk and danger to the community and, therefore, has met her burden of production. The Court notes, however, that the presumption will remain a factor for its consideration.

## I. Consideration of the 18 U.S.C. § 3142(g) factors.

### a. The Nature and Circumstances of the Offense Charged.

First, the nature and circumstances of the offenses charged weigh in favor of detention. It is alleged that Defendant Melton participated in a sex trafficking conspiracy, used interstate travel to carry out the sex trafficking conspiracy, and sex trafficked a minor. *See* Dkt. No. 150. There is no doubt that these are serious allegations. The sex trafficking conspiracy and sex trafficking a minor charges are both punishable by a term of imprisonment up to life. *See* 18 U.S.C. §§ 1594(c), 1591(a)(1), and 1591(b)(2). Further, the sex trafficking of a minor offense is contemplated in the § 3142 statutory presumption that no condition or combination of conditions could reasonably assure Defendant Melton's appearance and safety to any other person and the community. 18 U.S.C. § 3142 (e)(3)(E). This factor weighs in favor of detention.

### b. The Weight of the Evidence.

Pursuant to the Government's proffer at the detention hearing, the evidence against Defendant Melton consists largely of messages between Defendant Melton and others demonstrating her participation in the sex trafficking operation. Specifically, the Government argues that evidence against Defendant Melton will show that she became involved in the sex trafficking organization in October of 2024. Dkt. No. 181 at 24:3-7. Subsequently, Defendant Melton exhibited behaviors consistent with grooming and/or recruiting her niece, Minor Victim 3 ("MV3"), to participate in sex trafficking. *Id*. at 25:3-9. While Defendant Melton argues that many of the messages between MV3 and herself were initiated by MV3, thereby indicating MV3's

4

willingness to participate, there is no evidence that Defendant Melton attempted to discourage, intervene, or prevent MV3's participation. Indeed, the evidence appears clear that Defendant Melton is the connection between MV3 and the sex trafficking organization.

Evidence also shows that in May of 2025, Defendant Melton was in a vehicle stopped by law enforcement with a co-defendant, MV3, and a firearm. *Id*. at 22:18-20. Additionally, evidence shows that Defendant Melton traveled to Texas, Missouri, and Tennessee in connection with the sex trafficking organization. *Id*. at 26:17-25, 27:1-4.

Additionally, messages sent by Defendant Melton detail acts of violence perpetrated by Defendant Melton in relation to the sex trafficking organization, including "beat[ing] or smack[ing]" a pregnant adult victim as a result of a disagreement regarding condoms. Dkt. No. 181 at 25:10-25, 26:1-16. Law enforcement would testify that these messages are consistent with Defendant Melton attempting to "up her status or her role" in the sex trafficking organization. *Id*. at 25:10-17.

At the detention hearing, the Government also offered videos depicting violence against a minor victim and an adult victim by two co-defendants and other unidentified individuals. *Id*. at 33:6-11. The Government conceded that the motivation for the violence appeared to be retaliatory following the minor victim and adult victim stealing items from the co-defendants and was not directly related to sex trafficking. *Id*. Additionally, the Government conceded that Defendant Melton was not involved in the videos and further was not working with the co-defendants depicted in the videos at the time the videos were created. Dkt. No. 181 at 33:6-11. Regardless, the Government asked the Court to consider the videos in determining the issue of Defendant Melton's detention as it pertains to the organization at large. *Id*. at 7:15-16. The Court finds that the videos

hold little relevance as to Defendant Melton specifically and, therefore, declines to consider the videos in determining Defendant Melton's detention or release.

However, even without the videos, the Court finds that the weight of the evidence as to the criminal charges against Defendant Melton is not insignificant and tips in favor of detention.

### c. The History and Characteristics of the Person.

At the detention hearing, defense counsel proffered evidence regarding Defendant Melton's history and characteristics which went to both risk of flight and danger to the community. As noted above, the Court finds that this evidence satisfies Defendant Melton's burden of production.

Defendant Melton is twenty (20) years old and, for the past few years, has lived with her mother, father, and older brother at a residence located in the Northern District of Oklahoma. Dkt. No. 181 at 55-56. Defendant Melton is presently unemployed, but has been employed in the past at two (2) grocery stores. *Id*. at 56. Defendant Melton graduated in 2024 from Daniel Webster High School, where she was involved in various organizations and athletics. *Id*. Defendant Melton has some history of mental health and substance abuse issues. *Id*. at 57. According to Defendant Melton's mother, Defendant Melton had become "involved with . . . the wrong crowd of girls," which she seems to attribute to Defendant Melton's failure to follow through with plans to go to college or to become a flight attendant. Dkt. No. 181 at 57. At the detention hearing, defense counsel argued that some early law enforcement reports identified Defendant Melton as a victim of the sex trafficking organization, but she was eventually charged as a defendant based on her interactions with MV3. *Id*. at 58-61.

The Court finds that this factor has evidence going both ways. Defendant does have significant ties to the district, including family and close friends. However, there is evidence to

show that Defendant Melton victimized a minor family member, and her mother acknowledges that she has become involved with "the wrong crowd of girls."  Additionally, Defendant Melton's alleged involvement in the sex trafficking organization, including victimizing her minor family member and various out-of-state travel, occurred while Defendant Melton was residing with her family.  Further, according to her pretrial services report, Defendant was released on bond in a Muscogee (Creek) Nation case charging her with prostitution in April 2025 and then was arrested again on prostitution charges in Texas only a month later.[2]  This demonstrates Defendant Melton's inability or unwillingness to cease criminal behavior while on a term of release and further creates significant concern for the Court that Defendant Melton would leave the district while on a term of release.  For this reason, the Court finds that this factor weighs in favor of detention.

### d.  The Nature and Seriousness of the Danger to any Person or the Community.

The allegations in this case are serious and generally indicate that Defendant Melton poses a danger to others and the community.  While there are conditions available that may alleviate some of the Court's concerns, the Court finds that Defendant Melton would nonetheless pose a significant danger to the community, particularly to vulnerable young women.  Of significant concern is Defendant Melton's behavior while on bond in the Muscogee (Creek) Nation case, including her immediate return to sex trafficking activity and traveling out-of-state upon release.  This is indicative that conditions of release would not likely be a deterrence to Defendant Melton

---

[2] The Magistrate Judge took judicial notice of the pretrial service report at the detention hearing. Dkt. No. 181 at 9.

for further criminal behavior.  For these reasons, the Court finds that there are no conditions or combination of conditions that can reasonably ensure the community's safety.

All factors taken as a whole, the Court finds that the available information shows by clear and convincing evidence that Defendant's release would pose a serious danger to the community and that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Defendant were released.

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's Objection to Magistrate Order Setting Conditions of Release [Dkt. No. 177] is GRANTED and the Order Setting Conditions of Release [Dkt. No. 145] is REVOKED.

IT IS FURTHER ORDERED that Defendant Sharvi Shantell Melton shall be detained pending trial.  Defendant Melton is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant Melton shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant Melton is held shall deliver Defendant Melton to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 25th day of July 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE