IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAVARI SHANTELL MELTON,<br><br>Defendant. | Case No. 25-CR-197-JFH-6 |

## OPINION AND ORDER

Before the Court is a motion to reconsider ("Motion") filed by Defendant Shavari Shantell Melton ("Defendant Melton"). Dkt. No. 188. In her Motion, Defendant Melton asks the Court to reconsider its Opinion and Order [Dkt. No. 187] granting the Government's appeal and revoking the Magistrate Judge's order setting conditions of release for Defendant Melton. For the following reasons, Defendant Melton's Motion [Dkt. No. 188] is DENIED.

## BACKGROUND

Defendant Melton is charged by superseding indictment with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), Interstate Travel to Aid Racketeering, in violation of 18 U.S.C. § 1952(a)(3)(A), and Sex Trafficking a Minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2). Dkt. No. 150. Defendant Melton appeared before the Magistrate Judge for detention hearing on July 7, 2025. Dkt. No. 143. At that hearing, the Magistrate Judge denied the Government's motion for detention and entered an order setting conditions of release as to Defendant Melton. Dkt. No. 145. This Court entered a stay of that release order pending a ruling on the Government's appeal of the release order. Dkt. No. 153. On July 16, 2025, the Government filed an appeal of the Magistrate's Order. Dkt. No. 177. The Government subsequently

supplemented the appeal to include citations to the detention hearing transcript. Dkt. No. 182. The Court entered its Opinion and Order granting the Government's appeal and revoking the Magistrate's Order on July 25, 2025. Dkt. No. 187. On July 27, 2025, Defendant Melton filed the instant Motion. Dkt. No. 188.

## DISCUSSION

Although not explicitly provided for in the Federal Rules of Criminal Procedure, motions to reconsider are proper and cognizable in criminal cases. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, these motions are generally considered to be extraordinary relief, and the trial court has discretion in determining whether such a motion should be granted or denied. *See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Grounds warranting a motion to reconsider are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. at 1012. Additionally, reconsideration may be appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id*. A motion to reconsider, however, should not be used "to revisit issues already addressed . . . ." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Defendant Melton's Motion appears to consist of (1) arguments she would have made had she filed a response to the Government's appeal, and (2) arguments already advanced during the detention hearing. Dkt. No. 188. Notably, Defendant Melton does not point to any intervening change in the controlling law, nor any new evidence previously unavailable. Rather, Defendant Melton appears to be requesting that the Court reweigh the factors enumerated under 18 U.S.C. § 3142(g).

As stated earlier, a motion to reconsider is not properly made as a means to reargue issues previously considered by the Court. The Court has fully addressed and made a de novo determination regarding the § 3142(g) factors in this matter. Specifically, the Court found that, after weighing all relevant factors, the available information showed by clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure her appearance and assure the safety of the community if Defendant Melton were released. In making such a determination, the Court individually assessed Defendant Melton, considering her age, ties to the district, criminal history, behavior while on bond, interactions with MV3, and messages Defendant Melton sent regarding her own violent behavior. The Court explicitly declined to consider evidence offered by the Government which went more to the collective acts of the sex trafficking organization and instead narrowed its consideration to Defendant Melton individually.

The Court, in its de novo review, previously addressed the issues raised in Defendant Melton's Motion. Defendant Melton has not pointed to an intervening change in the controlling law, shown that any new evidence has emerged, nor sufficiently demonstrated the need to correct clear error or prevent manifest injustice. While the Court has thoroughly reviewed Defendant Melton's Motion, it does not change the Court's conclusion. For these reasons, Defendant Melton's Motion [Dkt. No. 188] is denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Melton's Motion to Reconsider [Dkt. No. 188] is DENIED.

Dated this 22nd day of August 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE