IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 25-CR-197-JFH-6

SHAVARI SHANTELL MELTON,

Defendant.

## OPINION AND ORDER

Before the Court is an Opposed Motion for Release Pending Sentencing ("Motion") filed by Defendant Shavari Shantell Melton ("Defendant").  Dkt. No. 355.  For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant is indicted for Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c); Interstate Travel to Aid Racketeering, in violation of 18 U.S.C. § 1952(a)(3)(A); and Sex Trafficking a Minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2).  Dkt. No. 269 at 2-4, 7, and 17.  She appeared for detention hearing before the Magistrate Judge on July 7, 2025. Dkt. No. 263.  At that hearing, the Magistrate Judge denied the motion for pretrial detention filed by the United States of America ("Government") and ordered Defendant released pending trial. Dkt. No. 145.  The Government objected to the release order and appealed for reconsideration by this Court.  Dkt. No. 177.  Upon review of the evidence presented, the Court determined that the Government had shown by clear and convincing evidence that Defendant's release poses a serious danger to the community and that no conditions or combination of conditions would reasonably assure the safety of others upon her release.  Dkt. No. 187.  In turn, Defendant filed a motion for further reconsideration [Dkt. No. 188], which the Court denied on August 22, 2025 [Dkt. No. 192].

Defendant recently pleaded guilty to Count Four of the Third Superseding Indictment, charging Interstate Travel to Aid Racketeering, on June 22, 2026. Dkt. No. 356. In exchange, the Government has agreed to move for dismissal of the two remaining counts on acceptance of the plea agreement by the Court. Dkt. No. 359 at 8 ("If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant."). Defendant now moves to be released ahead of sentencing based on her plea agreement and reported cooperation with the Government. Dkt. No. 355.

## STANDARD

Under 18 U.S.C. § 3143, the Court shall order a defendant detained pending sentencing unless it finds by clear and convincing evidence that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). The statute thereby imposes "a presumption of detention pending sentencing." *United States v. Johnson*, 652 F. App'x 619, 621 (10th Cir. 2016). To overcome this presumption, a defendant must prove that she "will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 46(c).

"Although the court is not required to consider the factors set out in 18 U.S.C. § 3142(g) in this context, some courts have found those pretrial detention factors helpful to the analysis" under § 3143(a)(1). *See United States v. Wills*, No. 19-40013-03-DDC, 2020 WL 1873622, at *2 (D. Kan. Apr. 15, 2020); *United States v. Tolbert*, No. 3:09-CR-56, 2017 WL 6003075, at *5 (E.D. Tenn. Dec. 4, 2017)); *see also United States v. Riego*, No. 1:21-CR-596-WJ-1, 2022 WL 15437892, at *1 (D.N.M. Oct. 27, 2022) ("In evaluating whether a defendant has met his burden under 18 U.S.C. § 3143(a)(1), a court may consider the pretrial detention factors set out in 18

U.S.C. § 3142(g).") (citations omitted).  Those factors "include the following: (1) the nature and circumstance of the offense charged, including whether it involves a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including past criminal history, record of appearing at court proceedings, and whether the defendant has a history of complying with conditions of release, among other things; and (4) whether the defendant's release would pose a danger to any person or the community."  *Wills*, 2020 WL 1873622, at *2.

### DISCUSSION

In its Order sustaining the Government's objection and appeal of pretrial release, the Court reviewed the record de novo and found that each of the four factors under § 3142(g) weigh in favor of Defendant's detention.  Dkt. No. 187.  The Court concluded that no condition or combination of conditions would reasonably assure the safety of others were Defendant released ahead of trial. *Id.* at 4-8.  In making this assessment, the Court carefully considered, inter alia, the nature and circumstances of the charged offenses; Defendant's individual characteristics, including her age, ties to the district, and criminal history; Defendant's conduct while on bond; the evidence presented regarding Defendant's interactions with co-defendant MV3; and Defendant's own messages describing acts of violence perpetrated on behalf of the sex trafficking organization involved in this matter.  Dkt. No. 187 at 4-8.

The mere fact that Defendant has entered into a plea agreement with the Government does not alter any of these findings or minimize the threat to the community previously assessed by the Court.  While the Government has agreed to move for dismissal of the remaining charges, those charges remain pending until dismissed by the Court.  More importantly, no new evidence has been presented with which to reconsider the Court's determination.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Opposed Motion for Release Pending Sentencing [Dkt. No. 355] is DENIED.

Dated this 6th day of July 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE